Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AXA XL a/s/o AUGUST WINE GROUP LLC

      Plaintiff,

   - against –

MSC MEDITERRANEAN SHIPPING COMPANY, S.A.

      Defendant.
------------------------------------------------------------X

22 Civ.

**COMPLAINT**

Plaintiff, AXA XL a/s/o AUGUST WINE GROUP LLC by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the MSC bill of lading, which provides for jurisdiction in this District for cargo shipments that transit through the United States.

## PARTIES

2. At all material times, AXA XL (hereinafter "Axa" or "Plaintiff") was and is a corporation with a place of business located at 20 Gracechurch Street, London EC3V 0BG, England, and is the subrogated underwriter of the consignment of Wine which is the subject matter of this litigation, as more specifically described below.

3. At all material times, August Wine Group LLC, (hereinafter "August Wine" or "Plaintiff") was and is a limited liability company organized and existing by virtue of the laws of a foreign state with an office and place of business located at 2742 Alki Avenue SW, Suite 200, Seattle, Washington 98116 and was the owner and consignee of a consignment of Wine, as more specifically described below.

4. At all material times, defendant, MSC MEDITERRANEAN SHIPPING COMPANY S.A. (hereinafter "MSC" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 420 Fifth Avenue, New York, New York 10016, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6. On or about January 16, 2021, a consignment consisting of 625 Cases Wine, laden in container MEDU 6031070, then being in good order and condition, was delivered to MSC and/or its agents in La Spezia, Italy by cargo shipper Giorgio Gori Warehouse. The cargo was booked for transit on board the M/V MSC ANZU in La Spezia destined for Seattle, Washington, all in consideration of an agreed upon freight, and pursuant to MSC bill of lading MEDUL4651492 dated January 16, 2021.

7. Thereafter the container was loaded on board the M/V MSC ANZU on or about January 16, 2021, MSC bill of lading MEDUL4651492 was issued and the vessel sailed for her intended destination.

8. The aforementioned container was discharged in Panama on or about February 2, 2021 for purposes of transshipment. This despite the fact that the carrying vessel was next bound for the west coast of the United States.

9. The subject container remained in Panama awaiting a transshipment vessel for 24 days.

10. The container was eventually loaded on board another vessel and was discharged in Seattle on or about March 15, 2021 and was released by US Customs to the cargo receiver on March 26, 2021.

11. The unreasonable deviation of transit by MSC, in leaving the cargo in Panama for 24 days, resulted in heat damage and fermentation of the wine cargo.

12. As a result of the temperature abuse, the consignment was not in the same good order and condition as when first received by defendant, but instead had suffered physical damage while in said defendant's care, custody and control and was determined to be a constructive total loss.

13. The damage to the cargoes was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and unreasonable deviation of the contract of carriage on the part of the defendant and/or its agents.

14. The CIF value of the cargo was $57,528.04 and destruction costs were in the amount of $4,094.77. Thus, August Wine suffered a loss in the amount of $61,622.81.

15. As a result of the foregoing, Best Imports suffered damages in the amount of $61,622.81.

16. At all times relevant hereto, a contract of insurance for property damage was in effect between August Wine and Axa, which provided coverage for, among other things, loss or damage to the aforementioned consignment of Wine.

17. Pursuant to the aforementioned contract of insurance between August Wine and Axa, monies have been expended on behalf of August Wine to the detriment of Axa due to the damages sustained during transit.

18. As Axa has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, Axa has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant.

19. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $61,622.81.

## AS AND FOR A FIRST CAUSE OF ACTION

20. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 19, inclusive, as if herein set forth at length.

21. Pursuant to the contract of carriage entered into by and between the parties, the Defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

22. The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

23. Defendant further breached its contractual and statutory duties by unreasonably deviating from the contract of carriage, in that it left the cargo in Panama subject to unplanned weather conditions, which detrimentally effected the condition of the wine cargo.

24. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $61,622.81.

25. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $61,622.81.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $61,622.81 plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       March 26, 2022
       600-02

                    **CASEY & BARNETT, LLC**
                    Attorneys for Plaintiff

     By:   *Martin Casey*
              Martin F. Casey
              305 Broadway, Ste 1202
              New York, New York 10007
              (212) 286-0225